## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### BECKLEY DIVISION

| | | |
|---|---|---|
| **HOWELL W. WOLTZ,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | Civil Action No. 5:08-1013 |
| | ) | |
| **MATTHEW J. HOEFLING,** *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |

### PROPOSED FINDINGS AND RECOMMENDATION

Plaintiff, an inmate at FCI Beckley, Beaver, West Virginia, and acting *pro se*, filed a Complaint for Declaratory Relief and Monetary damages on August 20, 2008. (Document No. 1.). Plaintiff names as Defendants three attorneys in the Charlotte, North Carolina office of the law firm of McGuireWoods, LLP, and the law firm of Helms Mullis & Wicker, PLLC, which merged with McGuireWoods, LLP, in early 2008. Plaintiff alleges that Defendants committed legal malpractice and acted fraudulently and in breach of contract in representing him in criminal proceedings in the United States District Court for the Western District of North Carolina.[1] Plaintiff filed an

---

[1] Pursuant to an Indictment filed on April 4, 2006, charging Plaintiff with conspiracy to defraud the United States (tax conspiracy), making false declarations before the Grand Jury or Court and influencing and tampering with witnesses, Plaintiff was prosecuted along with three other persons in the Western District of North Carolina, Charlotte Division. United States v. Woltz, *et al.*, Criminal No. 3:06CR74-B, in the Western District of North Carolina, Senior District Judge W. Earl Britt presiding. Plaintiff was held in custody while the criminal proceedings were pending. Plaintiff signed a Plea Agreement on January 26, 2007, agreeing to plead guilty to Count One of the Indictment charging him with tax conspiracy and an Information in United States v. Woltz, Criminal No. 5:07CR3-B, charging him with engaging in a money laundering conspiracy in violation of 18 U.S.C. § 1956(h). On October 15, 2007, Plaintiff was sentenced to a 60 month term of imprisonment in Criminal No. 3:06CR74-B, an 87 month term of imprisonment in Criminal No. 5:07CR3-B and a three year term of supervised release in both matters with the terms of imprisonment and supervised release to run concurrently. It appears from the Docket Sheet in 3:06CR74-B that Defendants as named in Plaintiff's original Complaint represented Plaintiff in the criminal proceedings between approximately October, 2006, and August, 2007. It that the additional attorney

Application to Proceed Without Prepayment of Fees or Costs On October 17, 2008. (Document No. 5.) Plaintiff filed a further Complaint on October 21, 2008, which, among other things, names another attorney who represented him in the North Carolina criminal proceedings. (Document No. 6.) Having examined Plaintiff's original Complaint and his further Complaint filed on October 21, 2008, and the record of proceedings in the Western District of North Carolina, the undersigned finds that Plaintiff has not met and cannot meet the diversity-of-citizenship requirement for jurisdiction over his claims in any Federal Court and therefore hereby respectfully recommends that his Complaint be dismissed pursuant to 28 U.S.C. § 1915(e)(2).

28 U.S.C. § 1915(e)(2) provides that in proceedings *in forma pauperis*, "[t]he court shall dismiss the case at any time if the court determines that – * * * (B) the action . . . – (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted[.]"A "frivolous" complaint is one which is based upon an indisputably meritless legal theory. Denton v. Hernandez, 504 U.S. 25, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992). A "frivolous" claim lacks "an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831 - 32, 104 L.Ed.2d 338 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." Id., 490 U.S. at 327, 109 S.Ct. at 1833. A claim lacks an arguable basis in fact when it describes "fantastic or delusional scenarios." Id., 490 U.S. at 327 - 328, 109 S.Ct. at 1833. The United States Supreme Court stated as follows in Bell Atlantic Corporation v. Twombly, __U.S. __, 127 S.Ct. 1955, 1964 - 1965, 167 L.Ed.2d 929 (2007)(Citations omitted):

> While a complaint attacked by a Rule 12(b)(60 motion to dismiss does not need detailed factual allegations, * * * a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a

---

who Plaintiff names in his further Complaint (Document No. 6.) represented him in the criminal proceedings between April and September, 2006.

formulaic recitation of the elements of a cause of action will not do, see Papasan v. Allain, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986)(on a motion to dismiss, courts 'are not bound to accept as true a legal conclusion couched as a factual allegations.'). Factual allegations must be enough to raise a right to relief above the speculative level * * * on the assumption that all allegations in the complaint are true (even if doubtful in fact) * * *.

Plaintiff indicates that this Court has original jurisdiction under 28 U.S.C. § 1332 because there is complete diversity of citizenship as between the adverse parties and his claim exceeds the specified amount in controversy. Plaintiff states as follows in his original Complaint in these regards (Document No. 1, pp. 1 - 2.):

> The Plaintiff is a resident of the State of West Virginia, residing at the Federal Satellite Camp in Beaver, WV. The Defendants are adults under no known legal disability, operating as licensed attorneys in the State of North Carolina, County of Mecklenburg. Their firm, also listed as a Defendant, was a North Carolina corporation, organized under the laws of that state, with its principle operations in Mecklenburg County North Carolina, during the entire period of its malpractice and misconduct. The firm now operates under the name McGuireWoods, LLP . . .. The offense was in relation to the Defendant's misrepresentation of the plaintiff in federal court, and the citizenship of the plaintiff and defendants are of different states. A prisoner's 'domicile' (residence) is presumed to be the state he or she lived in before being imprisoned (Sullivan v. Freeman, 944 F.2d 334, 337 (7th Cir. 1991)).
>
> The United States has determined that the plaintiff was a permanent resident of The Bahamas, claiming in its Motion for Revocation of Magistrate's Order of Release, on April 24th, 2006, 'Defendants [plaintiff and his wife] have established Nassau, Bahamas as their permanent residence.' The amount in controversy is in excess of $100,000.

In his further Complaint filed on October 21, 2008 (Document No. 6.), Plaintiff alleges as follows respecting jurisdiction:

1. The Plaintiff is a resident of the State of West Virginia.
2. The Defendant is an adult under no known legal disability residing in North Carolina . . ..
3. The offense relates to the misrepresentation of the Plaintiff by the Defendant in federal court.
4. Citizenship of Plaintiff and Defendant are of different States.
5. The amount of controversy is in excess of $100,000.00.

28 U.S.C. § 1332(a)(1) provides limitations upon the jurisdiction of Federal Courts as follows:

> (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between – (1) citizens of different States[.]

Federal Courts have no jurisdiction over legal malpractice claims where there is no diversity of citizenship between the adverse parties though the malpractice claims concern matters which occurred in Federal Court and issues arising under Federal law. See McGraw v. Thomas, 1999 WL 1939260, *3 (M.D.N.C. February 4, 1999)(Considering whether the Court had federal question jurisdiction but citing cases involving both subject matter and diversity jurisdiction.); Tolliver v. Mittman, 2007 WL 3005572 (S.D.Ohio June 28, 2007)("[A] federal court simply has no jurisdiction over a legal malpractice case where diversity of citizenship is absent even if the litigation giving rise to the legal malpractice claim took place in a federal court or involved issues arising under federal law.") A United States citizen who resides outside of the United States is "stateless" for purposes of diversity of jurisdiction and therefore may not initiate a lawsuit on the basis of diversity of jurisdiction. Newman-Green, Inc., v. Alfonso-Larrain, 490 U.S. 826, 828, 109 S.Ct. 2218, 104 L.Ed.2d 893 (1989); O'Brien v. Lowe, 68 F.3d 460 (4th Cir. 1995)(unpublished); Segen v. Buchanan General Hospital, Inc., 552 F.Supp.2d 579 (W.D.Va. 2007); Ayenu v. Chevy Chase Bank, 496 F.Supp.2d 607 (D.Md. 2007); Bausch v. Philatelic Leasing, Ltd..728 F.Supp. 1201 (D.Md. 1989). Additionally, for diversity jurisdiction purposes, an inmate's citizenship is the State in which he was a citizen or domiciled before his incarceration unless he plans to relocate upon his release. Roberts v. Morchower, 956 F.2d 1163, 1992 WL 42885 (4th Cir.(Va.))

Plaintiff indicates in his original Complaint that at the time he initiated this matter he was a resident of the State of West Virginia because he was residing as an inmate at FCI Beckley,

Beaver, West Virginia. An averment of residence is not the equivalent of an averment of citizenship for purposes of jurisdiction in the Federal Courts. In any event, because Plaintiff is incarcerated, the District Court must look to the State where Plaintiff was a citizen at the time of his incarceration. Plaintiff indicates in his original Complaint that at the time of his incarceration, his "permanent residence" was Nassau, Bahamas. The undersigned has read transcripts of proceedings on April 20 and 24, 2006, in <u>United States v. Woltz, *et al.*</u>, Criminal No. 3:06CR74-B (Document Nos. 18 and 30.), in the Western District of North Carolina, respecting whether Plaintiff should be released on bond while the criminal matter was pending and finds that it was evident that Plaintiff had ties to North Carolina and the Bahamas. Referring to Plaintiff and his wife, District Judge Britt stated in concluding that Plaintiff and his wife should be detained that "by their own admission to the pre-trial services office, they are residents of Nassau in the Bahamas." (Criminal No. 3:06CR74-B, Document No. 30, p. 79.) It appears that at the time of his incarceration, Plaintiff was a citizen if the United States domiciled in the Bahamas. As a United States citizen residing in the Bahamas, Plaintiff could not initiate a lawsuit in Federal Court on the basis of diversity jurisdiction because he was not a citizen of any State. As a citizen of North Carolina, Plaintiff could not initiate a lawsuit on the basis of diversity jurisdiction against the Defendants because, as it would appear and as Plaintiff alleges, they are also citizens of North Carolina and not "citizens of different States" as required under 28 U.S.C. § 1332(a)(1). Plaintiff has not carried and cannot carry his burden of establishing jurisdiction in Federal Court over his claims based upon diversity of citizenship. There being no jurisdiction in Federal Court, Plaintiff's Complaint must be dismissed pursuant to 28 U.S.C. § 1915(e)(2) as frivolous or for failure to state a claim for which relief can be granted.

Accordingly, the undersigned hereby respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **DISMISS**

Plaintiff's Complaint (Document Nos. 1 and 6.) and remove this matter from the Court's docket.

Plaintiff is notified that these Proposed Findings and Recommendation are hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Thomas E. Johnston. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(e) and 72(a), Federal Rules of Civil Procedure, Plaintiff shall have three days (mailing/service) and then ten days (filing of objections), for a total of thirteen days from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served upon the presiding United States District Judge Johnston and this Magistrate Judge.

The Clerk is directed to file these Proposed Findings and Recommendation and to mail a copy of the same to Plaintiff, who is acting *pro se,* in these proceedings.

Date: October 28, 2008.

R. Clarke VanDervort
United States Magistrate Judge